UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JOSEPH DEATON | )<br>)<br>) |
| v. | ) No: 07 C 0282<br>) Judge John W. Darrah |
| UNITED STATES OF AMERICA | )<br>) |

## MEMORANDUM OPINION AND ORDER

Presently before the Court is Petitioner Joseph Deaton's Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, filed pursuant to 28 U.S.C. § 2255. For the following reasons, Deaton's motion is denied.

### BACKGROUND

The United States of America brought a multi-count indictment against Deaton, charging him with various drug offenses in connection with his actions with a large-scale drug-trafficking organization (the "Campos Drug Organization"). On May 17, 2005, Deaton pleaded guilty to one count of narcotics conspiracy pursuant to a written Plea Agreement. Deaton's Rule 11(c)(1)(C) Plea Agreement provided that he receive a sentence of two-thirds of the low end of his guidelines range in return for his cooperation in the investigation and prosecution of his co-defendants and others. In the Plea Agreement, Deaton expressly waived his right to appeal. (Plea Agreement at ¶ 11). On May 17, 2005, when Deaton pleaded guilty before this Court, he acknowledged that he waived his right to appeal. Deaton also admitted that he discussed the Plea Agreement with his attorney and that he understood the terms of the Agreement. On February 7,

1

2006, after having testified for the Government at a trial of two of his co-defendants, Deaton was sentenced to 90 months in the Bureau of Prisons, a sentence at two-thirds of the low end of the applicable guidelines range.

## ANALYSIS

Deaton timely filed a Section 2255 Motion to Vacate, Set Aside, or Correct his Sentence. Section 2255 provides a means by which a prisoner in federal custody may obtain collateral review of his federal-court-imposed sentence. 28 U.S.C. § 2255; *see also Holleman v. United States*, 721 F.2d 1136, 1138 (7th Cir. 1983). In his motion, Deaton argues that he received ineffective assistance of counsel in connection with his guilty plea. Specifically, he contends that his counsel did not properly counsel him and that he would not have pleaded guilty had he been informed that he would not receive a downward guidelines adjustment for having played a minor role in the offense and that his counsel was ineffective for having failed to obtain such a downward adjustment and that the Government promised this adjustment. Deaton concludes that his guilty plea was, therefore, involuntary and unknowing.

Deaton has waived his right to bring this Section 2255 motion. Paragraph 11 of his Plea Agreement stated as follows: "The defendant also waives his right to challenge his sentence or the manner in which it was determined in any collateral attack, including but not limited to a motion brought under Title 28, United States Code, Section 2255." Waivers such as this are enforceable, with limited exceptions that are not applicable here. *Roberts v. United States*, 429 F.3d 723, 724 (7th Cir. 2005). The Plea Agreement stated that there are only limited exceptions to this waiver for a "claim of involuntariness, or ineffective assistance of counsel which *relates directly to this waiver or its negotiation.*" (Plea Agreement at ¶ 11) (emphasis added). Further,

2

on May 17, 2005, at the time Deaton pleaded guilty, Deaton admitted that he understood the terms of the Plea Agreement, having discussed them with his attorney, and acknowledged that he waived his right to appeal. Deaton's motion does not challenge his counsel's effectiveness with respect to this Section 2255 waiver. On this ground alone, Deaton's motion is denied.

However, even if the merits of Deaton's claim were properly considered, his motion would still be denied. To succeed on his claim of ineffective assistance of counsel, Deaton must show that: (1) his attorney's performance fell below an objective standard of reasonableness and (2) he suffered prejudice from the unreasonable performance. *Coleman v. United States*, 318 F.3d 754, 760 (7th Cir. 2003) (*Coleman*), citing *Strickland v. Washington*, 466 U.S. 668, 688 (1984) (*Strickland*)). Reasonableness is measured under the standard of professional norms. *Coleman*, 318 F.3d at 760 (citation omitted). "To meet the prejudice prong, [Defendant] must show that but for counsel's error, the results would have been different." *Coleman*, 318 F.3d at 760 (citation omitted).

Deaton bears the burden to show that counsel failed to provide ineffective assistance of counsel, *Roe v. Flores-Ortega*, 528 U.S. 470, 476-77 (2000), citing *Strickland*, 466 U.S. at 688. Based on the above with respect to his general claims of ineffective assistance of counsel, he has failed to meet this burden. Most significantly, Deaton has not shown how he was prejudiced by any of his trial counsel's alleged failures. *Strickland*, 466 U.S. at 688 ("If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice . . . that course should be followed."). From the factual basis contained in the written Plea Agreement and confirmed by Deaton's testimony during his guilty plea and at the trial of his co-defendants also before this Court, it is clear that Deaton did not play a minor role in the offense for which he was convicted.

As the Plea Agreement states, "from September 2003 through February 2004, [Deaton] supervised the off-loading of approximately ten shipments of cocaine at the Central Ave. warehouse." (Plea Agreement at ¶ 5). The amount of cocaine involved in these ten shipments was in excess of 100 kilograms each time and as much as 300 kilograms at a time. In total, Deaton supervised the shipment of approximately one ton of cocaine. Deaton does not contradict this information in his Section 2255 motion, or elsewhere. Further, in the Plea Agreement signed by Deaton, Deaton and the Government agreed that his base offense level was 38, that a two-level reduction was appropriate pursuant to §§ 2D1.1(b)(7) and 5C1.2 (safety value), that a two-level reduction was appropriate pursuant to § 3E1.1 (acceptance of responsibility), and that a 1-level reduction was appropriate pursuant to § 3E1.1(a) (acceptance of responsibility, for offense levels greater than 16). (Plea Agreement at ¶¶ 6 (a) - (d)). The two-level reduction for Deaton's allegedly minor role in the conspiracy was not mentioned and the Plea Agreement stated that "[t]he parties agree that no other enhancements or reductions to the offense level are applicable." (Plea Agreement at ¶¶ 6 (a) - (e)). Based on these facts, it is clear that Deaton was aware that he was not a minor participant in the Campos Drug Organization's conspiracy. Thus, Deaton was not prejudiced by his trial counsel's failure to seek such a reduction; and his Section 2255 motion is denied on this ground.

## CONCLUSION

For the foregoing reasons, Petitioner Joseph Deaton's Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody is denied.

Dated: June 6, 2007

JOHN W. DARRAH
United States District Court Judge

4